UNITED STATES DISTRICT COURT
Southern District of Texas
Houston Division

| | | |
|---|---|---|
| LORIE BANKSTON | § § § § § § § § | CASE NUMBER: |
| V. | | |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. | | **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**Preliminary Statement**

1. Plaintiff, Lorie Bankston, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, Financial Asset Management Systems, Inc. ("FAMS") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Chase Manhattan Bank, USA, NA. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

3.  This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* to secure permanent injunctive relief and other equitable relief, including rescission, restitution, and disgorgement, against defendants for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

4.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

5.  Venue is proper in the United States District Court because the acts and transactions occurred here and the Defendants transact business here.

## DEFINITIONS

6.  As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

7.  The FDCPA, 15 U.S.C. § 1692 which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8.  Defendant, FAMS, is a collection agency located in Atlanta, Georgia that is in the business of collecting consumer debt. FAMS engaged in the business of collecting consumer debts in the Southern District of Texas.  The principal purpose of FAMS's business is the

collection of consumer debts using the mail and telephone, and regularly attempts to collect consumer debts for others. FAMS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). FAMS is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7). Defendant, FAMS, can be served by servings its registered agent, Corporation Service Company, at 701 Brazos St., Suite 1050, Austin, Texas 78701.

9. Plaintiff, Lorie Bankston is an individual who resides in Harris County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

10. During the month of January, 2008, an individual named who identified herself as "Ms. Williams" on Defendant's behalf contacted Plaintiff by telephone at her place of employment in connection with the purported debt. Plaintiff requested on several occasions that Defendant not call her at her place of employment. Plaintiff's co-workers also informed Defendant that Plaintiff was not allowed to receive personal phone calls at work.

11. On February 20, 2008, at approximately 12:10 pm, CST, Ms. Williams contacted Plaintiff at her place of employment again. Plaintiff was able to answer the call because she was on her lunch break. Plaintiff questioned Ms. Williams as to why she was calling Plaintiff at her place of employment when they knew she was not allowed to receive personal calls. Ms. Williams responded that she knew she was not allowed to receive personal calls but that she was calling anyway because she couldn't reach Plaintiff at any other number. Ms. Williams pressured Plaintiff for payment on the purported debt. Plaintiff stated that Plaintiff didn't have any money to pay, Ms. Williams stated that Plaintiff was stealing from a financial institution and that it was unacceptable. Ms. Williams further stated that didn't she realize that she couldn't get

away with it.  Ms. Williams stated that they would take Plaintiff to court and file a lien against her home and that they would garnish her wages weekly for 25%.  Plaintiff attempted to work out a payment plan with Defendant in fear that Plaintiff was going to be sued and have her wages garnished.  Ms. Williams refused and stated that it was her turn to talk and that they were not going to wait any longer for their money and that she was going to set up the wage garnishment immediately and wanted to be transfer to the human resources department.  Plaintiff stated that she worked for a small company and that there was not human resources department.  Ms. Williams then demanded to have Plaintiff's bosses contact information so that she could talk to Plaintiff's boss and set up the wage garnishment.

12. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

13. The foregoing acts and omissions of the Defendant were undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

14. As a proximate result of the foregoing act and omissions of the Defendant, Plaintiff has suffered actual damages and injury, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

15. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in their collection attempts are to be interpreted under the "unsophisticated consumer" standard.  (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir.

1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### Stating that Plaintiff was "Stealing from a Financial Institution"

16. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

17. Section 1692e of the FDCPA generally prohibits a debt collector from using, "Any other false, deceptive, or misleading representation or means in connection with the debt collection." More specifically, 1692e(2) of the FDCPA prohibits the misrepresentation of the, "Character, amount, or legal status of the alleged debt." Additionally, 1692e(4) of the FDCPA prohibits the misrepresentation that, "Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment."

18. Defendant's stating that Plaintiff was "stealing from a financial institution" is an unlawful action, which thus violates § 1692e of the FDCPA.

19. Defendant's violations of § 1692e of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT II
### Violation of § 1692a(1) of the FDCPA –
### Communicating with the Debtor at her Place of Employment

20. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

21. Section 1692a(1) of the FDCPA prohibits the debt collector from communicating

with the consumer at his or her place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communications.

22. The Plaintiff informed the Defendant on several occasions that she was not permitted to accept personal phone calls at her place of employment. Defendant continued to call Plaintiff despite having actual knowledge that such calls were prohibited by the Plaintiff's employer.

23. Defendant communicated with the Plaintiff at Plaintiff's place of employment despite having actual knowledge that Plaintiff's employer prohibited such calls, which thus violates § 1692a(1) of the FDCPA.

24. Defendant's violations of § 1692a(1) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT III
### Violation Of § 1692e Of The FDCPA –
### Threats of Wage Garnishment

25. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

26. Section 1692e of the FDCPA generally prohibits a debt collector from using "[a]ny false, deceptive, or misleading representation or means in connection with the collection of any debt." More specifically 1692e(5) of the FDCPA prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken."

27. Defendants threats to garnish Plaintiffs' wages is an action that Defendant cannot legally take as wage garnishment is against the law in the state of Texas, which thus violates §

1692e of the FDCPA.

28. Defendants' violations of § 1692e of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT IV
## Violations of § 1692e Of The FDCPA –
## False Representation of Attorney Involvement
## And False Threat Of A Lawsuit

29. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

30. Section 1692e of the FDCPA generally prohibits a debt collector from using "[a]ny false, deceptive, or misleading representation or means in connection with the collection of any debt." More specifically, § 1692e(3) of the FDCPA prohibits, [T]he false representation or implication that any individual is an attorney or any communication is from an attorney." Additionally, 1692e(5) of the FDCPA prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken."

31. Defendant's threat of a lawsuit if the purported debt was not paid creates the false and misleading impression that the communication was from an attorney, which thus violates § 1692e(3) of the FDCPA.

32. Moreover, in that Defendant is located in Georgia and is not licensed to practice law in the state of Texas, it is therefore highly unlikely that any lawsuit would have been able to be filed against Plaintiffs. Thus, Defendants' threats of an imminent lawsuit was not likely true, which would violate § 1692e(5) of the FDCPA.

33. Defendants' violations of § 1692e(3) and (5) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

**COUNT V**
**Violations of the Texas Debt Collection Act**
**Specifically, Violation of Tex. Fin. Code § 392.301**

34. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

35. Section 392.301 of the Texas Finance Code prohibits a debt collector from using threats, coercion, or attempts to coercion in the collection of a debt.

36. Defendant violated the TDCA by making threats or coercion of the following:

   a) accusing falsely or threatening to accuse falsely a person of fraud or any other crime;

   b) threatening to take actions prohibited by law;

   c) threatening to institute civil lawsuits or other judicial proceedings to collect a consumer debt; and

   d) threatening to garnish Plaintiff's wages.

37. Under Tex. Fin. Code Ann. § 392.301, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**COUNT VI**
**Violations of the Texas Debt Collection Act**
**Specifically, Violation of Tex. Fin. Code § 392.304**

38. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

39. Defendant violated the TDCA by using false fraudulent, deceptive and misleading

representations and deceptive means to collect a consumer debt.

40. Defendant violated the TDCA by misrepresenting the character, extend and amount of the consumer debt and misrepresenting the consumer's debt status in a judicial or government proceeding.

41. Defendant violated the TDCA by representing that a communication was from an attorney.

42. Defendant violated the TDCA by representing using false representations and deceptive means to collect a debt.

43. Under Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT VII
## Violations of the Texas Deceptive Trades Practices Act

44. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

45. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

## COUNT VIII
## Invasion of Privacy by Intrusion Upon Seclusion

46. The Plaintiff repeats, realleges, and incorporates by reference the foregoing

paragraphs.

47. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

48. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

49. Plaintiff have a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

50. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

51. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

Plaintiff, LORIE BANKSTON, prays that this Court:

Declare that Defendant's debt collections practices violated the FDCPA and TDCA;

Enjoin the Defendant's actions which violate the TDCA and the DTPA;

Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, punitive damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

Grant such further relief as deemed just.

Respectfully submitted,

The Heston Law Firm, PC

/s/ Daniel J. Ciment

---

James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
2909 Hillcroft, Suite 410
Houston, TX 77057
713-270-4833 – phone
713-270-6773 – fax
ATTORNEYS FOR PLAINTIFF